[No. 9301. Department Two. September 25, 1911.]

L. C. HALL, *Plaintiff,* v. C. LEWIS WILSON *et al.,* *Defendants.*[1]

CORPORATIONS—STOCKHOLDERS—ADVANCES TO CORPORATION — LIA-BILITY—ACCOUNTING. Where one of two incorporators of a company had agreed to advance money to the corporation, but sold his half of the stock and interest in the assets and subsequently advanced money to the corporation in good faith, in an action by him for an accounting, he is entitled to recover from the corporation the amount of the advance; and it is error to allow him but one-half of the sum as a charge against his coowner and holder of the other half of the stock.

CORPORATIONS—RECEIVERS—WRONGFUL APPOINTMENT—COSTS—LIA-BILITY OF PLAINTIFF. Where a temporary receiver of a corporation has been procured upon the false allegations that the corporation was insolvent and that plaintiff was a stockholder and had been wrong-

[1]Reported in 118 Pac. 16.

fully excluded from participation in corporate business, upon decreeing an accounting, the costs of the temporary receivership should be charged to the plaintiff, and not against the corporation.

CORPORATIONS—STOCKHOLDERS—ACTION FOR ACCOUNTING—ASSETS—BONA FIDE PURCHASERS. Where an incorporator sold his half interest in the assets and stock of the corporation, except and reserving his half interest in his coincorporator's indebtedness to the corporation, in an action by him for an accounting he is entitled to a personal claim against his coincorporator; but he cannot complain that a bank is given a first lien upon assets of the corporation which it had subsequently acquired in good faith as security for a loan, there being no evidence to sustain a charge of fraud.

Cross-appeals from a judgment of the superior court for King county, Gay, J., entered September 6, 1910, after a trial on the merits before the court without a jury, settling an account, discharging a receiver, and refusing a dissolution, in an action for an accounting between a corporation and its stockholders and creditors. Modified.

*Roberts, Battle, Hulbert & Tennant* and *C. J. France*, for plaintiff.

*C. H. Graves, A. A. Hull*, and *U. E. Harmon*, for defendants Lewis *et al.*

*Alexander Stewart* (*Kerr & McCord*, of counsel), for intervener Security State Bank.

CROW, J.—On April 8, 1909, C. Lewis Wilson and L. C. Hall organized, under the laws of this state, a corporation known as C. Lewis Wilson & Company, with a capital stock of $5,000, divided into 100 shares of the par value of $50 each. The articles of incorporation provided for two trustees, that the principal place of business should be the city of Seattle, and that the objects should in part be to carry on an architectural business. Each incorporator was to own one-half of the capital stock. C. Lewis Wilson, an experienced architect, was to furnish professional experience, and conduct the business, at a salary of $150 per month. L. C. Hall, not an architect, was to advance funds sufficient

to put the corporation on a paying basis. He advanced $3,270, and withdrew $2,195 prior to April 8, 1910. After April 8, 1910, and after he ceased to be a stockholder, he advanced the further sum of $350. The business was at first conducted in Seattle, but later an office in charge of Wilson was established in Chehalis, where the business could be prosecuted to better advantage with less expense, Hall remaining in Seattle. No stock certificates were issued. No formal election of officers, other than two trustees, was held, although Wilson seems to have acted as president in executing contracts.

On July 25, 1910, L. C. Hall, as plaintiff, commenced this action against C. Lewis Wilson & Company, the corporation, and C. Lewis Wilson individually, as defendants, alleging he was then owner of one-half of the capital stock; that the defendant, C. Lewis Wilson, owner of the remaining half, had assumed complete control of the corporation and had excluded plaintiff; that plaintiff was a creditor of the corporation and of Wilson; and that Wilson had withdrawn and appropriated corporation funds for which he refused to account. Plaintiff asked an accounting, the appointment of a receiver, and dissolution of the corporation. On his *ex parte* application, a temporary receiver was appointed, and a show cause order was issued citing the defendants to appear and show cause why the appointment should not be made permanent. The defendants appeared and answered.

Harold Ginnold, with leave of court, filed a complaint in intervention, alleging that on April 11, 1910, prior to the commencement of this action, he had purchased all of plaintiff's capital stock; and that plaintiff then ceased to be a stockholder. Later the Security State Bank of Chehalis intervened, alleging it, at divers times, had loaned defendants a total of $2,500, evidenced by their demand promissory notes, to secure which defendants had assigned to it certain contracts for architect's fees due the corporation, and that the bank held the same as collateral, claiming a lien thereon.

Although the receivership was resisted by the defendants and both interveners, the receiver who had qualified seems to have remained in possession until after the trial of the action on its merits, when he was discharged. Without a more detailed statement of the issues, we will state the findings of the trial court; which, after an examination, we approve and adopt, with two minor exceptions, hereinafter named.

The court, in substance, found the incorporation of C. Lewis Wilson & Company; that Hall and C. Lewis Wilson each owned one-half of the capital stock; that Hall advanced to the corporation $3,270 prior to, and $350 after, April 8, 1910, being $3,620 in all; that $2,195 had been repaid him from the profits of the corporation, leaving a remainder of $1,425 advanced by him; that on April 11, 1909, C. Lewis Wilson was indebted to the corporation in the sum of $1,-423.21; that prior to April 11, 1910, Hall and Ginnold had certain negotiations for a sale of Hall's interest to Ginnold, which negotiations merged into a written contract signed by them, whereby Hall sold to Ginnold one-half of the assets and stock of the corporation for $2,500; that $1,000 of this sum, then paid to Hall by Ginnold, was raised on April 8, 1910, by C. Lewis Wilson, who borrowed $1,000 from the intervener bank, and pledged as security therefor certain sums due the corporation on contracts for architect's fees; that the sale to Ginnold was absolute as to all of Hall's one-half interest in the corporation's assets and stock; that Hall did not reserve money advanced to the corporation which had not been repaid to him; but that he did reserve one-half of the personal indebtedness due from Wilson to the corporation; that it was also stipulated he was to thereafter receive a certain percentage of architect's fees that might arise from contracts then in prospect but not secured, provided the same should be secured prior to April 11, 1911; that, at the time of the trial, any sums due upon these prospective contracts could not be definitely ascertained; that the corporation was solvent at the time of the commencement of this

action; that Hall then had no knowledge of the assignment of the corporation assets to the intervener bank as collateral; that the bank had made loans to C. Lewis Wilson to the amount of $2,500, to secure which the assignments were made; that $1,000 thereof, as above stated, was paid to Hall on behalf of Ginnold; that $1,250 thereof went to Wilson personally; that the facts relative to these loans and assignments were known to and approved by Ginnold; that the bank took the security in good faith; that it should be protected with a first lien; that the temporary appointment of the receiver was justified by the dealings and conduct of Wilson; that the receiver's expenses had been $17.70; that he be allowed $200 compensation; and that in equity Hall is entitled to recover from Wilson one-half of the $350 he had in good faith advanced to the corporation after the date of his sale to Ginnold.

On these findings, a decree was entered which, in substance, ordered, that Hall recover from C. Lewis Wilson $886.60, one-half of the latter's indebtedness to the corporation, the same including one-half of the $350 advanced after April 11, 1909; that the said sum of $886.60 be a lien on the assets of the corporation in the possession of the intervener bank, subject to its prior lien, and subject, also, to a lien for the receiver's compensation and expenses; that the assignments to the bank be approved; that it first pay from the proceeds of the collateral $2,500 due itself, with interest thereon; that it then pay $217.70 to the receiver; that it then pay $886.60 found due the plaintiff from the defendant C. L. Wilson, and that it pay the remainder, if any, to the defendant corporation; that Ginnold be adjudged the owner of an undivided one-half interest in the stock and assets of the corporation; that Hall's rights be preserved to hereafter proceed against the corporation for any sums that may be due him on the contracts in prospect when he sold to Ginnold, and that the receiver be discharged. From this decree, the

plaintiff Hall has appealed, and the defendants and the intervener Ginnold have cross-appealed.

On account of the cross-appeal, we will allude to the parties as plaintiff, defendants, and interveners. The substance of the plaintiff's first contention is that he is not only entitled to recover one-half of C. L. Wilson's indebtedness to the corporation, but that he is also entitled to recover the sum of $1,435 advanced to the corporation but not returned to him, which includes all of the $350 advanced after April 11, 1909. This action was originally commenced by Hall on the theory that he was a stockholder wrongfully excluded by the remaining stockholder, and that he was entitled to an accounting, a receivership, and a dissolution of the corporation. It was subsequently disclosed by the evidence that he was not then a stockholder, that Wilson had not wrongfully excluded him, that the corporation was not insolvent, and that the receiver should not have been appointed. Pending the introduction of evidence, the trial judge announced he would find an absolute sale to Ginnold; that Hall was no longer a stockholder; that he was not entitled to recover money advanced to the corporation prior to April 11, 1909, in excess of what had been returned; and that an accounting would be taken to determine Wilson's indebtedness to the corporation, one-half of which Hall was entitled to recover. With the manifest approval of the defendants and interveners, further evidence was then taken to ascertain Wilson's indebtedness. This evidence, which involved an accounting and an examination of the corporation books, is not as clearly set forth in the statement of facts as it might be. This court will not enter upon a detailed examination of the books and accounts, for the reason that the record is not in such a condition as will enable it to do so, intelligently or accurately. From the evidence before us, which need not be stated, we conclude the trial judge reached an accurate conclusion, with two exceptions hereinafter noted. The defendant, Wilson, and the intervener Ginnold contend the court awarded Hall a

greater sum than was due. What we have heretofore said disposes of their contention except as hereinafter mentioned.

It appears from the findings that an absolute sale of one-half of all assets and stock of the corporation was made by Hall to Ginnold on or about April 11, 1910. Some payments were thereafter to be made by Ginnold to Hall, and in the meantime Hall advanced $350 additional funds to the corporation. This advancement was not a gift, but was made in good faith. The trial judge awarded Hall a recovery of only one-half of this sum, which was improperly included in the judgment entered against C. Lewis Wilson. The full amount should be allowed, not against Ginnold or Wilson, but against the corporation. The judgment against Wilson should therefore be decreased $175, that is, from $886.60 to $711.60, and Hall should be awarded judgment for $350 against the corporation, as the money was advanced to, and is due from, it.

The receiver was appointed on Hall's allegation that he was a stockholder; that he owned one-half of the stock; that Wilson, the owner of the other half, was excluding him from any participation in the corporation business, and that he was refusing to recognize Hall's rights. Upon these allegations, the temporary appointment was made. It later appeared that Hall was not a stockholder, and it may well be questioned whether he could have thereafter maintained this action for the purpose of obtaining judgment against the corporation or Wilson, without their consent that an accounting might be had. They virtually consented, by proceeding with the accounting; but the receiver would not, and should not, have been appointed, had the facts subsequently shown appeared on the face of the complaint. The defendants had not excluded him wrongfully, nor was the corporation insolvent. We conclude it would be inequitable to charge the expenses and compensation of the receiver to the corporation. They should be satisfied by the plaintiff, and made a lien on the judgments awarded in his favor.

The plaintiff further contends the trial court erred in granting a prior lien to the intervener bank on the collateral assigned to it. Plaintiff, having ceased to be a stockholder, was not interested in the corporation after April 11, 1910. The first assignment to the bank was made to secure $1,000 paid to Hall by Ginnold, after he and Ginnold had agreed upon the terms of sale. The other assignments were made later, with the consent of Wilson and Ginnold, the only stockholders and the only persons, if any, who can now complain. After his sale to Ginnold, Hall's only claim was against Wilson for one-half of his indebtedness to the corporation, which Hall retained when making the sale. He thereby retained a personal claim against Wilson. The trial court decreed him a second lien on the assets to secure this claim. He is in no position to complain, although he contends the bank, the defendants, and Ginnold, by irregular, dishonest and collusive methods, have sought to defraud him —a claim not sustained by the evidence.

The decree will be modified in the following respects: (1) The judgment of Hall against Wilson will be reduced from $886.60 to $711.60; (2) Hall will, however, be awarded judgment against the corporation for $350, the same to be a lien on assets held as collateral by the bank subject to its prior lien; (3) the $217.70 compensation and expense due the receiver, will be adjudged a lien upon collateral held by the bank subject to its lien, but when collected will be deducted from, or be a credit against, the amounts found due to Hall from the defendants, to the end that the payment of the $217.70, although thus secured, shall be made by Hall, and not by any other party to this action. In all other respects the judgment will be affirmed. No costs will be awarded on this appeal.

CHADWICK, ELLIS, MORRIS, and GOSE, JJ., concur.