[No. 9301.    Department Two.    April 23, 1912.]

## L. C. HALL, *Plaintiff*, v. C. LEWIS WILSON *et al.*, *Defendants.*[1]

CORPORATIONS—CONTRACT—LIABILITY TO STOCKHOLDERS — SALE OF STOCK — ACTION FOR ACCOUNTING — CONSTRUCTION OF AGREEMENT. Where an incorporator sold his one-half interest in the assets and stock of the corporation, except and reserving his half interest in his co-incorporator's indebtedness to the corporation, making him in effect an assignee of one-half of that claim, and subsequently advanced money to the corporation in good faith, in an action by him for an accounting, he is not entitled to recover from the corporation one-half of his co-incorporator's indebtedness to the company, since the same was an asset, not a liability, of the company; but he can recover of the corporation the money advanced to it, and from the co-incorporator his interest in that indebtedness to the company.

Cross-appeals from a judgment of the superior court for King county, Gay, J., entered September 6, 1910, after a trial on the merits before the court without a jury, settling an account, discharging a receiver, and refusing a dissolution, in an action for an accounting between a corporation and its stockholders and creditors.    Modified.

*Roberts, Battle, Hulbert & Tennant* and *C. J. France*, for plaintiff.

*C. H. Graves, A. A. Hull,* and *U. E. Harmon*, for defendants Wilson *et al.*

*Alexander Stewart (Kerr & McCord*, of counsel), for intervener Security State Bank.

ON PETITION FOR REHEARING.

PER CURIAM.—The plaintiff L. C. Hall has filed a petition for rehearing, or for a modification of the judgment of this court.    To this petition answers have been filed, and plaintiff has replied.

In our former opinion, 65 Wash. 137, 118 Pac. 16, after

[1]Reported in 123 Pac. 2.

stating the substance of the findings made by the trial court
we said:

"On these findings, a decree was entered which, in sub-
stance, ordered, that Hall recover from C. Lewis Wilson
$886.60, one-half of the latter's indebtedness to the corpora-
tion, the same including one-half of the $350, advanced after
April 11, 1909, . . ."

We did not state the fact that this portion of the judg-
ment was also entered against the defendant corporation,
C. Lewis Wilson & Company. Plaintiff in his petition for
rehearing assumes that, overlooking this fact, we proceeded
upon the theory that the judgment for $886.60 was against
C. Lewis Wilson only, and that our oversight in that regard
caused us to unwittingly deprive plaintiff of his judgment
against the corporation for one-half of the indebtedness due
from C. Lewis Wilson. When the plaintiff Hall sold his
interest in the assets and stock of the corporation, he and the
intervener Ginnold signed the following writing:

"Seattle, Wash., April 11, 1910.
"Received of Harold Ginnold $1,250 cash and note for
$1,250 due May 5, 1910, said note and cash to revert to said
Harold Ginnold in case he does not carry out the following
agreement. This agreement being that he is to pay the
above mentioned obligation on May 5th, 1910, together with
2 per cent of the contract price of the Knights of Pythias
Hall and 1½ per cent of all work now in prospect for
C. Lewis Wilson & Co. of which they now know regarding.
The above mentioned consideration is in payment of one-half
of the assets and stocks in C. Lewis Wilson & Co. Inc. includ-
ing the school-house and jail except C. Lewis Wilson's private
account.                          "L. C. Hall,
                                  "Harold H. Ginnold."

This instrument was not happily drawn, but the evidence
shows that the private account therein mentioned was an
existing indebtedness from C. Lewis Wilson to the corpora-
tion. The substantial effect of the instrument was to assign
one-half of this indebtedness to Hall. We fail to understand
why or how the corporation would thereupon become liable

to Hall for the payment of this indebtedness, which had theretofore been an asset of the corporation, and not one of its liabilities. There is no contention that the corporation guaranteed its payment. In our former opinion we said:

"After his sale to Ginnold, Hall's only claim was against Wilson for one-half of his indebtedness to the corporation, which Hall retained when making the sale. He thereby retained a personal claim against Wilson."

It is apparent that Hall was entitled to a judgment against C. Lewis Wilson alone for $711.60, one-half of this indebtedness, and that he was entitled to a judgment against the corporation alone for the $350 which he had advanced to it after April 11, 1910. This was the final judgment which we ordered.

Plaintiff, however, contends the defendant corporation did not appeal from the judgment entered against it. In this we think the plaintiff is in error. An appeal was taken by C. Lewis Wilson, C. Lewis Wilson & Company, and Ginnold. Their third assignment of error reads as follows:

"The court erred in finding that Wilson was indebted to the corporation in the sum of $1,423.21 and rendering judgment in favor of plaintiff for one-half of this sum plus one-half of the sum of $350 alleged to have been paid by Hall after April 11th, 1910."

It is manifest that the defendants and intervener disputed the existence of any indebtedness whatever from C. Lewis Wilson to the corporation, and insisted that the entire judgment in Hall's favor therefor was erroneous. The judgment was entered against both defendants, and was assailed by their assignment of error. As to the defendant corporation, the assignment should be sustained. We approved the finding that C. Lewis Wilson was indebted to the corporation, but concluded that the plaintiff, as assignee, only held a personal claim against the debtor C. Lewis Wilson for one-half thereof. This being true, our final order directing judgment against C. Lewis Wilson in favor of Hall for $711.60,

and against the corporation in favor of Hall for $350 was a correct conclusion, and must stand without modification.

The petition for a rehearing is denied.